Konrad Trope  (SBN #133214)
 E-mail: Konrad@kranesmith.com
Samuel J. Smith (SBN #242440)
 E-mail: sjslaw@kranesmith.com
**KRANE & SMITH**
16255 Ventura Boulevard, Suite 600
Encino, CA 91436

Tel: (818) 382-4000
Fax: (818) 382-4001

Attorneys for Plaintiff
REBELUTION, LLC

**FILED**

AUG 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 09      3979      RS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBELUTION, LLC, a California Limited Liability Company, | CASE NO.: ____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| ARMANDO PEREZ, an individual, MR. 305, INC., a Florida corporation, SONY MUSIC ENTERTAINMENT DIGITAL, LLC. a New York Limited Liability Company, SONY MUSIC HOLDINGS, INC., a New York corporation, POLO GROUNDS MUSIC, INC. a New York Corporation, RCA RECORDS, INC., a Delaware corporation, | 1.  **TRADEMARK INFRINGEMENT - FEDERAL LAW;**<br>2.  **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN- FEDERAL LAW;**<br>3.  **UNFAIR COMPETITION- CALIFORNIA LAW;**<br>4.  **DECEPTIVE, FALSE AND MISLEADING ADVERTISING - CALIFORNIA LAW** |
| Defendants. | 5.  **TRADEMARK INFRINGEMENT -COMMON LAW; AND**<br>6.  **INJURY TO BUSINESS REPUTATION** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT
DEMAND FOR JURY TRIAL

**ORIGINAL**

Plaintiff REBELUTION, LLC (hereinafter "Plaintiff" or "Rebelution"), by their attorneys, as and for their Complaint against Defendants ARMANDO PEREZ, an individual, MR. 305, INC., a Florida corporation, SONY MUSIC ENTERTAINMENT DIGITAL, LLC., a New York Limited Liability Company, SONY MUSIC HOLDINGS, INC., a New York corporation, POLO GROUNDS MUSIC, INC., a New York Corporation and RCA RECORDS, INC., a Delaware corporation ("Defendants"), allege as follows:

## I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C. §§1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practices arising under California Business and Professions Code §17200 et seq., and for injury to business reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338 (a) and 15 U.S.C. §1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to *28 U.S.C. § 1391* in as much as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## II. INTRADISTRICT ASSIGNMENT

4. This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

## III. THE PARTIES

5. Plaintiff Rebelution is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Santa Barbara, California. At all times herein mentioned Plaintiff Rebelution has been engaged in the business of developing, marketing and distributing the goods and services of its band, Rebelution.

6. Upon information and belief, Defendant Armando Perez is, and at all times mentioned herein was, an individual residing and conducting business in Miami, Florida.

COMPLAINT
DEMAND FOR JURY TRIAL                                    2

7.   Upon information and belief, Defendant Mr. 305 is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 2100 Salzedo Street, Suite 202, Coral Gables, FL. 33134.

8.   Upon information and belief, Defendant Sony Music Entertainment Digital, LLC. is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of New York having a principal place of business at 550 Madison Avenue, New York, New York, 10022-3211.

9.   Upon information and belief, Defendant Sony Music Holdings, LLC is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of New York having a principal place of business at 550 Madison Avenue, New York, New York, 10022-3211.

10.   Upon information and belief, Defendant Polo Grounds Music Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of New York, having a principal place of business at 550 Madison Avenue, New York, New York, 10022-3211.

11.   Upon information and belief, Defendant RCA Records, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of New York -having a principal place of business at 550 Madison Avenue, New York, New York, 10022-3211.

## IV. FACTUAL BACKGROUND

12.   Formed in 2004, Plaintiff Rebelution is a reggae music group from Santa Barbara, California.

13.   To identify to its fans and consumers its innovative blend of traditional reggae with Hip-hop and alternative rock music, Rebelution created and has adopted "Rebelution" as one of its trademarks ("Mark").

14.   Beginning in or about 2004, and continuing to date, Plaintiff Rebelution has been doing business in the United States and abroad, using in commerce the Mark and related marks as a trademark in connection with, inter alia, downloadable musical sound recordings, musical sound recordings, Pre-recorded CD's, audio, sound, video, live performances, merchandising and clothing, and on related items, including products and services in connection with internet and electronic commerce.

15.   Since 2004 and continuing to the present, Plaintiff Rebelution has marketed, distributed and/or sold its goods and services bearing the Mark or similar variations thereof, to domestic and international venues, distributors and to on and off-line authorized retail outlets.

16.   Since 2004 and continuing to the present, Plaintiff Rebelution has continuously used the Mark in connection with advertising and promoting its goods and services.

17.   On or about January 1, 2006, Plaintiff Rebelution released its first music album entitled "Rebelution".

18.   On or about September 15, 2006, Marley D. Williams ("Williams"), a member of Plaintiff Rebelution's band, applied to register the Mark with the United States Patent and Trademark Office (the "PTO"). The PTO approved the application and issued a Certificate of Registration dated December 25, 2007, U.S. Reg. no 3358411 and serial no. 77000328. The Registration is for inter alia, downloadable musical sound recordings, musical sound recordings, and Pre-recorded CD's. A copy of the registration certificate is attached as Exhibit "A."

19.   On or about January 1, 2007, Plaintiff Rebelution released their first full-length album entitled "Courage to Grow" ("Courage to Grow"). Courage to Grow won the Itunes Editor's Choice Award for Best Reggae Album of 2007. Since its release, Courage to Grow has been on the Itunes top 10 reggae charts and remains there to date. Peaking at #4, Courage to Grow remained on the Billboard Top Reggae Album chart for 36 weeks. Billboard's charts are based on market demand and popularity.

20.   On or about March 4, 2009, Plaintiff Rebelution acquired the rights to the Mark by acquiring the rights from Williams. The assignment reflecting these transfers is attached as Exhibit "B."

21.   On August 4, 2009 Plaintiff Rebelution released their second full-length music album entitled "Bright Side Of Life" ("Bright Side").

22.   Bright Side is currently the #1 Reggae album in the United States. Bright Side debuted as the #3 digital album and the #7 independent album on Billboard's charts. The album debuted as #54 on Billboard's top 200 chart and remains in the top 200 to date.

23.   Plaintiff Rebelution's goods and services have been and are extensively advertised, publicized, and/or sold throughout the United States and abroad. By virtue thereof, together with consumer acceptance

and recognition of the Mark, Plaintiff Rebelution's Mark identifies Plaintiff Rebelution as the source of its music, and distinguishes its goods and services from those of others.

24. As a result of its endeavors, Plaintiff Rebelution has created and owns valuable intellectual property in the form of trademarks, copyrights and trade secrets.

25. Plaintiff Rebelution came to its position of commercial and critical success by hard work and a tremendous investment of time, money and energy.

26. Plaintiff Rebelution is informed and believes, and thereon alleges, that since on or before August 19, 2009 and continuing to the present, Defendants have used the word or term "Rebelution" in connection with promotional materials and advertisements for Defendants' new album and upcoming live tour, both entitled "Rebelution" ("Infringing Marks").

27. Plaintiff Rebelution is informed and believes, and thereon alleges, that on or about August 31, 2009, Defendants intend to release a music album entitled "Rebelution."

28. Plaintiff Rebelution is informed and believes, and thereon alleges, that Defendants are using the Infringing Marks in connection with the sale, offering for sale and advertising of their goods and services. As such, Defendants' use of the term "Rebelution" is likely to cause confusion, mistake, or deception among consumers as to the source or origin of Plaintiff's goods and services.

29. The use of the Infringing Marks by Defendants in their product promotion and advertising constitutes a use in commerce of a colorable imitation, copy and reproduction of Plaintiff's Mark. Upon information and belief, the two marks will share an identical spelling and sound.

30. Defendants' use of the Infringing Marks in connection with their sound recordings and an upcoming live tour is deceptively and confusingly similar to Plaintiff's trademark for a band incorporating hip-hop, alternative rock and reggae.

31. Defendants are using the Infringing Marks in connection with goods and services that will be distributed and sold in the same types of retail channels and to the same classes of purchasers as Plaintiff's products and services.

32. Defendants' use of the Infringing Marks is likely to cause confusion, mistake, or deception in the minds of the public.

33. Defendants' infringement constitutes a violation of Plaintiff's trademark rights, preventing Plaintiff from continuing to build a business around a mark that it has possessed and sought to protect.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT

### (Against All Defendants)

34. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 33.

35. The aforesaid acts of Defendants constitute infringement of the Mark, in violation of Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. §1114(1).

36. Defendants' use of the Rebelution brand name comprises an infringement of Plaintiff Rebelution's registered trademark for Rebelution and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing damages and irreparable harm to Plaintiff for which there is no adequate remedy at law. Unless Defendants are restrained from continuing their wrongful acts, the damage to Plaintiff Rebelution will increase.

37. Plaintiff Rebelution is informed and believes and thereon alleges that Defendants have unlawfully obtained profits. The amount to be paid to Plaintiff Rebelution is unknown and can only be ascertained by an accounting of Defendants' files, books and records.

38. An accounting is necessary to determine the true status of the accounts and the amounts owed to Plaintiff.

39. By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. §1114.

## SECOND CLAIM FOR RELIEF

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN - FEDERAL LAW

### (Against All Defendants)

40. Plaintiff Rebelution repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41. Defendants' use of the Infringing Marks to promote, market, or sell their products or services in direct competition with Plaintiff Rebelution's products and services constitutes unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a). Defendants' use of the Infringing Marks is likely to cause confusion, mistake, and deception among consumers.

42. Defendants' wrongful acts have permitted or will permit them to capitalize on the success, goodwill and reputation of Plaintiff Rebelution and the strength of its Mark in promoting their own goods and services.

43. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Rebelution has been and will be deprived of the value of its Mark and related assets.

44. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Rebelution has been damaged and such damage will continue unless the Court enjoins Defendants' acts. Plaintiff Rebelution has no adequate remedy at law for Defendants' continuing violation of its rights.

### THIRD CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER CALIFORNIA

### BUSINESS AND PROFESSIONS CODE § 17200 et seq.

#### (Against All Defendants)

45. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

46. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

47. Pursuant to California Business and Professions Code 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

///

///

///

///

COMPLAINT
DEMAND FOR JURY TRIAL                             7

**FOURTH CLAIM FOR RELIEF**

**DECEPTIVE, FALSE AND MISLEADING ADVERTISING - CALIFORNIA LAW**

**(Against All Defendants)**

48. Plaintiff Rebelution repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 47.

49. The acts of Defendants described above constitute untrue and misleading advertising as defined by California Business & Professions Code§ 17500, *et seq.*

50. Defendants' Infringing Marks are such colorable imitations and copies of Plaintiff Rebelution's Mark and related trademarks established in the market for Reggaeton-related consumer products that Defendants' use thereof in the context of sound recordings and live performances is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's products and services, or deceive consumers as to the origin, sponsorship or approval of Plaintiff's products and services.

51. Defendants' wrongful acts have permitted or will permit them to capitalize on the success, goodwill and reputation of Plaintiff Rebelution and the strength of Plaintiff's Mark in promoting their own goods and services.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Rebelution has been and will be deprived of the value of its Mark and related assets.

53. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Rebelution has been damaged and such damage will continue unless the Court enjoins Defendants' acts. Plaintiff has no adequate remedy at law for Defendants' continuing violation of Plaintiff Rebelution's rights.

**FIFTH CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT-COMMON LAW**

**(Against All Defendants)**

54. Plaintiff Rebelution repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 53.

COMPLAINT
DEMAND FOR JURY TRIAL                                    8

55.  The acts of Defendants described above constitute trademark infringement of Plaintiff Rebelution's common law rights in its uses of the Mark.

56.  Defendants' improper use of the Rebelution brand name is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods and services and is likely to cause others to believe that there is a relationship between Defendants and Plaintiff Rebelution.

57.  Defendants' wrongful acts have permitted or will permit them to capitalize on the success, goodwill and reputation of Plaintiff Rebelution and the strength of Plaintiff's Mark in promoting their own goods and services.

58.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Rebelution has been and will be deprived of the value of its Mark and related assets.

59.  As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Rebelution has been damaged and such damage will continue unless the Court enjoins Defendants' acts.  Plaintiff has no adequate remedy at law for Defendants' continuing violation of Plaintiff Rebelution's trademark rights.

## SIXTH CLAIM FOR RELIEF

## COMMON LAW INJURY TO BUSINESS REPUTATION

### (Against All Defendants)

60.  Plaintiff Rebelution repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 59.

61.  Plaintiff Rebelution alleges that Defendants' use of the Infringing Marks injures and creates a likelihood of injury to Plaintiff Rebelution's business reputation because persons encountering Plaintiff Rebelution and its products and services will believe that Defendants are affiliated with or related to or have the approval of Plaintiff Rebelution, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their business will injure the business reputation of Plaintiff Rebelution and the goodwill that it enjoys in connection with its trademarks.

Plaintiff Rebelution prays:

1. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each

COMPLAINT
DEMAND FOR JURY TRIAL                                          9

1  of them, be preliminarily and permanently enjoined from: (a) using the Infringing Marks, or any colorable

2  imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to

3  Plaintiff's trademark Rebelution, or that is likely to cause confusion, mistake, deception, or public

4  misunderstanding as to the origin of Plaintiff's products and services or their connectedness to Defendants.

5      2.  That Defendants be required to file with the Court and serve on Plaintiff Rebelution within thirty

6  (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and

7  form in which Defendants have complied with the Injunction;

8      3.  That, pursuant to 15 U.S.C. §1117, Defendants be held liable for all damages suffered by

9  Plaintiff Rebelution resulting from the acts alleged herein;

10     4.  That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Plaintiff Rebelution

11  for any and all profits derived by it from its illegal acts complained of herein;

12     5.  That the Defendants be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all

13  containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the

14  like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiff

15  Rebelution's trademark rights, as well as all plates, matrices, and other means of making the same;

16     6.  That the Court declare this to be an exceptional case and award Plaintiff Rebelution its full costs

17  and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

18     7.  That the Court grant Plaintiff Rebelution any other remedy to which it may be entitled as

19  provided for in 15 U.S.C. §§1116 and 1117 or under state law; and,

20     8.   For such and other further relief that the court deems just and proper.

21

22  DATED:  August 26, 2009                    KRANE & SMITH

23                                             By

24                                                KONRAD L. TROPE
                                                  SAMUEL J. SMITH
25                                                Attorneys for Plaintiff
                                                  REBELUTION, LLC

26

27

28

COMPLAINT
DEMAND FOR JURY TRIAL                          10

1

2 **DEMAND FOR JURY TRIAL**

3 Plaintiff Rebelution hereby demands a jury trial in this action.

4
DATED:  August 26, 2009                          KRANE & SMITH

5

6
                                                        By:
7                                                             KONRAD L. TROPE
                                                            SAMUEL J. SMITH
8                                                         Attorneys for Plaintiff
                                                            REBELUTION, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
DEMAND FOR JURY TRIAL                           11